[654 NYS2d 401]

In the Matter of SAMUEL ADELMAN (Admitted as SAMUEL R. ADELMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 3, 1997

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

*Green & Willstatter,* White Plains *(Richard D. Willstatter* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with a single count of professional misconduct. The Special Referee sustained the charge. The Grievance Committee now moves to confirm in full the findings of the Special Referee while the respondent cross-moves to confirm in part and disaffirm in part the report of the Special Referee and to impose a period of suspension upon him in lieu of disbarment.

Charge One alleged that the respondent has been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (A) (1), (3), (4), (5) and (8) (22 NYCRR 1200.3 [a] [1], [3], [4], [5], [8]).

The respondent was charged by United States felony information 95 Cr. 222 with one count of conspiracy to commit mail fraud and wire fraud in violation of 18 USC § 371. On March 15, 1995, the respondent pleaded guilty to the crime charged.

In committing the aforesaid acts, the respondent knew or should have known that he was violating the aforementioned disciplinary rules.

The respondent was sentenced in the United States District Court, Southern District of New York (Honorable Barrington D. Parker, Jr.), on April 28, 1995, to a term of time served, a period of supervised release of three years, a $50 special assessment, and participation in an outpatient substance abuse program.

Based on the evidence adduced, we conclude that the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm is granted and the respondent's cross motion to confirm in part and disaffirm in part is granted to the extent that the charge is sustained and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent emphasizes that he has made every effort to rehabilitate himself after his conviction. He attributes his failings to "stressors which were then present" and which were exacerbated by the malpractice of his therapist/coconspirator. The respondent submits that he has already been punished and that his uncontradicted testimony showed

that he ceased drinking and abusing drugs. According to the respondent, his cooperation with Federal prosecutors was done without promise of benefit and at considerable personal risk.

Notwithstanding the mitigation offered by the respondent, the misconduct in which he engaged was initiated by him, involves blatant fraud, deceit, and dishonesty, is prejudicial to the administration of justice, and clearly reflects adversely on his fitness to practice law. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that the charge is sustained and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Samuel Adelman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Samuel Adelman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.